UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICH HEIDRICH, ERIC KIDD, MARIA ANGELICA CASTRO, and JUSTIN ROBERSON, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PENNYMAC FINANCIAL SERVICES, INC.; PENNYMAC MORTGAGE INVESTMENT TRUST; and PRIVATE NATIONAL MORTGAGE ACCEPTANCE CO.,<br><br>Defendants. | No. 2:16–cv–02821–TLN–EFB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF FLSA CLAIM AND TO DISMISS** |

This matter is before the Court pursuant to Defendants PennyMac Financial Services, Inc., PennyMac Mortgage Investment Trust, and Private National Mortgage Acceptance Co.'s (collectively, "Defendants") Motion to Compel Arbitration of the Fair Labor Standards Act claim ("FLSA"), Motion to Dismiss, or alternatively, Motion to Stay. (ECF No. 9.) Plaintiffs Erich Heidrich, Eric Kidd, and Maria Angelica Castro (collectively, "Plaintiffs") oppose. (ECF No. 10.) Defendants replied. (ECF No. 14.) For the reasons set forth below, the Court GRANTS Defendants' Motion to Compel Arbitration and DISMISSES the action.

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege Defendants did not include the full amount of their non-exempt employees' compensation when calculating the regular rate of pay for overtime purposes. (ECF No. 4 ¶ 1.) Plaintiffs allege Defendants do not pay employees their bonuses on a timely basis and do not pay employees all wages owed at the time of their termination. (ECF No. 4 ¶ 1.) Plaintiffs allege Defendants concealed violations of state and federal law by failing to include all required information in wage statements. (ECF No. 4 ¶ 14.) Plaintiffs allege the failures were part of company-wide policies and practices. (ECF No. 4 ¶ 17.) Plaintiffs seek to represent a class of similarly situated employees and former employees of Defendants. (ECF No. 4 ¶ 18.)

Defendants required employees, including Plaintiffs, to sign an "Employee Agreement to Arbitrate" as a part of a Mutual Arbitration Plan ("MAP") and as a condition of employment. (ECF No. 4 ¶ 2; ECF No. 9 at 6.) The MAP provides: "I understand that final and binding arbitration will be the sole and exclusive remedy for any [employment] claim or dispute…." (ECF No. 9-1, Exs. 5–7.) The MAP includes a waiver which precludes Plaintiffs from engaging in concerted activity by requiring Plaintiffs to pursue work-related claims individually in arbitration. (ECF No. 9-1; Ex. 1 at 8; Exs. 5–7.) The MAP waiver includes the following language: "by agreeing to use arbitration to resolve my dispute, both PennyMac and I agree to forego any right we each may have had to a jury trial on issues covered by the Mutual Arbitration Plan ("MAP"), and forego any right to bring claims on a representative or class basis." (ECF No. 9-1, Exs. 5–7.) The MAP further explains the agreement to arbitrate "also means that both you and PennyMac . . . waive any right to join or consolidate claims in arbitration with others or to make claims in arbitration as a representative or as a member of a class or in a private attorney general capacity." (ECF No. 9-1, Ex. 1 at 8.)

Defendants move to compel arbitration, arguing the arbitration agreements are binding. (ECF No. 9 at 4.) Plaintiffs argue the waiver is illegal under California law and so the entire arbitration agreement is invalid under binding Ninth Circuit precedent in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016). (ECF No. 10 at 15.) The Supreme Court granted *certiori* in *Morris* and reversed. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018.)

## II. STANDARD OF LAW

"[T]he federal law of arbitrability under the Federal Arbitration Act ("FAA") governs the allocation of authority between courts and arbitrators." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). There is an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 631 (1985). As such, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). "Because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982)).

Generally, in deciding whether a dispute is subject to an arbitration agreement, the Court must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). As such, the Court's role "is limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 479 (9th Cir. 1991).

"In determining the existence of an agreement to arbitrate, the district court looks to 'general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration.'" *Botorff v. Amerco*, No. 2:12–CV–01286, 2012 WL 6628952, at *3 (E.D. Cal. Dec. 19, 2012) (citing *Wagner v. Stratton*, 83 F.3d 1046, 1049 (9th Cir. 1996)). An arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) (quoting *Doctor's Assocs. Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Therefore, courts may not apply traditional contractual defenses, like duress and unconscionability, in a broader or more stringent manner to invalidate arbitration

agreements and thereby undermine FAA's purpose to "ensur[e] that private arbitration agreements are enforced according to their terms." *Id.* at 1748 (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).

If the Court "determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration or to dismiss the case if all of the alleged claims are subject to arbitration." *Delgadillo v. James McKaone Enters., Inc.*, No. 1:12–CV–1149, 2012 WL 4027019, at *3 (E.D. Cal. Sept. 12, 2012). The plain language of the FAA provides that the Court should "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement..." 9 U.S.C. § 3. However, "9 U.S.C. § 3 gives a court authority, upon application by one of the parties, to grant a stay pending arbitration, but does not preclude summary judgment when all claims are barred by an arbitration clause. Thus, the provision does not limit the court's authority to grant dismissal in the case." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

### III. ANALYSIS

The parties agree Defendants required each plaintiff to sign an arbitration agreement and also agree that its provisions waive collective action and require "final and binding arbitration" as the "sole and exclusive" remedy for any employment claim or dispute between the parties. (ECF No. 9 at 6; ECF No. 10 at 14.) Defendants move to compel arbitration pursuant to the Federal Arbitration Act ("FAA") and to dismiss the suit. (ECF No. 9 at 4.) Defendants argue this Court lacks jurisdiction over the case because the arbitration agreements are binding so the suit should be compelled to arbitration and dismissed. (ECF No. 9 at 4.) Plaintiffs oppose the motions, arguing the waiver provision is illegal under California law and so the entire arbitration agreement is invalid under binding Ninth Circuit precedent in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016). (ECF No. 10 at 15.)

After the parties filed their briefs, the Supreme Court granted *certiori* in *Morris*. *Epic Sys. Corp.*, 138 S. Ct. at 1612. The Court considered *Morris* along with Seventh Circuit and Fifth Circuit cases that addressed whether employees should be allowed to bring class or collective actions where they agreed to one-on-one arbitration and reversed *Morris*. *Id*. at 1632.

4

1    In *Morris*, the Ninth Circuit reversed a district court's grant of a motion to compel
2    arbitration. *Epic Sys. Corp.*, 138 S. Ct. at 1620. The Ninth Circuit reasoned the FAA's "savings
3    clause" does not require a court to compel arbitration if the arbitration agreement violates another
4    federal law, such as violating sections of the National Labor Relations Act ("NLRB") by barring
5    employees from pursuing collective action. *Id*.

6    The Supreme Court found that Congress, in enacting the FAA, not only required courts to
7    "respect and enforce agreements to arbitrate," but "specifically directed them to respect and
8    enforce the parties' chosen procedures." *Epic Sys. Corp.*, 138 S. Ct. at 1621. The Court found
9    the FAA's "savings clause" does not apply to defenses that target arbitration, rather than defenses
10   that would apply to all contracts such as duress. *Id*. at 1622. Further, the Court found, neither the
11   NLRA (or its "precursor" the Norris-LaGuardia Act) nor the FSLA displace the FAA or prohibit
12   individualized arbitration proceedings. *Id*. at 1626–27. The Court stated, "a contract defense
13   'conditioning the enforceability of certain arbitration agreements on the availability of classwide
14   arbitration procedures' is inconsistent with the Arbitration Act and its saving clause." *Id*. at 1631
15   (quoting *AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 336 (2011)).

16   Under the FAA, where an issue in a suit can be referred to arbitration pursuant to a written
17   arbitration agreement, district courts are required to order arbitration of that issue. 9 U.S.C. §§ 3–
18   4. The court's role is "limited to determining (1) whether a valid agreement to arbitrate exists
19   and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v.
20   Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Here, it is undisputed Plaintiffs
21   signed arbitration agreements which covered all employment related claims. Plaintiffs' FSLA
22   claim alleging improper calculation of rate of pay is a dispute relating to their employment.
23   *Luchini v. Carmax, Inc.*, 2012 WL 3862150, at *6 (E.D. Cal. Sept. 5, 2012) (citing *Albertson's,
24   Inc. v. United Food & Commercial Workers Union, AFL–CIO & CLC,* 157 F.3d 758, 762 (9th
25   Cir. 1998). The parties differed on whether the arbitration agreement was enforceable and valid
26   given the inclusion of the waiver. "[T]he law is clear: Congress has instructed that arbitration
27   agreements like those before us must be enforced as written." *Epic Sys. Corp.*, 138 S. Ct. at 1632.
28   Accordingly, the Court must compel arbitration of the FSLA claim. *Id*.; 9 U.S.C. § 3.

Plaintiffs' FSLA claim is the sole basis for federal subject matter jurisdiction in this suit. Plaintiffs remaining claims are state law claims for violations of California's Labor Code and for Unfair Business Practices. (ECF No. 4 at 1.) A federal court may decline to exercise supplemental jurisdiction over state law claims where it "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When, as here, the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989) (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 348 (1988)). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismisses the claims without prejudice.

**IV. CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS Defendants' Motion to Compel Arbitration and to Dismiss the FLSA claim and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, which are dismissed without prejudice, (ECF No. 9). Plaintiffs' pending Motion to Toll the Statute of Limitations is DENIED as moot, (ECF No. 18). The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: July 9, 2018

Troy L. Nunley
United States District Judge