1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ERICH HEIDRICH, et al.,                    No. 2:16-cv-02821-TLN-JDP

12              Plaintiffs,

13       v.                                       **ORDER**

14    PENNYMAC FINANCIAL SERVICES,
      INC., et al.,
15
                Defendants.
16

17

18          This matter is before the Court on Plaintiffs Erich Heidrich, Eric Kidd, Maria Angelica

19    Castro, and Justin Roberson's (collectively, "Plaintiffs") Motion for Leave to File a Second

20    Amended Complaint.  (ECF No. 39.)  Defendants PennyMac Financial Services, Inc., PennyMac

21    Mortgage Investment Trust, and Private National Mortgage Acceptance Company, LLC

22    (collectively, "Defendants") filed an opposition.  (ECF No. 41.)  Plaintiffs filed a reply.  (ECF

23    No. 43.)  Also before the Court is Plaintiffs' Motion to Toll the Statute of Limitations for Claims

24    under the Fair Labor Standards Act ("FLSA").  (ECF No. 18.)  Defendants filed an opposition.

25    (ECF No. 20.)  Plaintiffs filed a reply.  (ECF No. 22.)  For the reasons set forth below, the Court

26    GRANTS Plaintiffs' Motion to Amend and DENIES Plaintiffs' Motion to Toll the Statute of

27    Limitations as moot.

28    ///

I.       FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts, as they are set forth fully in the Court's July 11, 2018 Order.  (*See* ECF No. 24.)  In short, Plaintiffs bring wage and hour claims against Defendants as a putative class action.  (*Id.*)  The Court previously granted Defendants' motion to dismiss and compelled arbitration of the only federal claim (brought under the FLSA), declined to exercise supplemental jurisdiction over the remaining state law claims, and dismissed the action. (*Id.* at 6.)  The Court also denied Plaintiffs' motion to toll the statute of limitations for the FLSA claim as moot.  (*Id.*)  Plaintiffs appealed.  (ECF No. 25.)  In reversing this Court's decision to compel arbitration and dismiss the action, the Ninth Circuit concluded it was bound by an intervening decision of the California Court of Appeal holding that PennyMac's arbitration agreement was unenforceable.  (ECF No. 34 at 3.)

After receiving the Ninth Circuit's mandate, the Court reinstated Plaintiffs' motion to toll the statute of limitations for the FLSA claim.  (ECF No. 37.)  The Court did not reinstate Defendants' motion to dismiss.  Defendants filed a request for the Court to decide unresolved issues from the motion to dismiss that were not affected by the Ninth Circuit's mandate.  (ECF No. 38.)  Less than a month later, Plaintiffs filed the instant motion for leave to amend.  (ECF No. 39.)  Because the Court intends to grant Plaintiffs' motion for leave to amend, the Court need not and does not address Plaintiffs' motion to toll the statute of limitations or the unresolved issues from Defendants' motion to dismiss.  *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936) (stating that a district court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

II.      STANDARD OF LAW

Granting or denying leave to amend a complaint rests within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Under Federal Rule of Civil Procedure ("Rule") 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the Court's leave.  Fed. R. Civ. P. 15(a)(2).  However, "[t]he court should freely give leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*,

203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  Courts consider the following factors to

determine whether leave to amend should be granted: (1) undue delay; (2) bad faith or dilatory

motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments

previously allowed; (4) undue prejudice to the opposing party by allowing amendment; and (5)

futility of amendment.  *See Foman*, 371 U.S. at 182; *Allen v. City of Beverly Hills*, 911 F.2d 367,

373 (9th Cir. 1990).  Of these, "the consideration of prejudice to the opposing party . . . carries the

greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

(per curiam).  "Absent prejudice, . . . there exists a presumption under Rule 15(a) in favor of

granting leave to amend."  *Id.*

### III.   ANALYSIS

Plaintiffs seek leave to add allegations about steps they have taken to exhaust

administrative remedies as required by California Labor Code's Private Attorneys General Act

("PAGA").  (ECF No. 39 at 3.)  Plaintiffs argue the Rule 15 factors weigh in favor of granting

leave to amend because Plaintiffs are not acting in bad faith, there is no undue delay, this is

Plaintiffs' first motion to amend, Defendants will not be prejudiced by the amendment, and

amendment is not futile.  (*Id.* at 5.)  In opposition, Defendants raise various arguments —

primarily about deficiencies with Plaintiffs' FLSA claim, which is not at issue in the instant

motion.  (ECF No. 41.)  The only Rule 15 factor Defendants address is futility.  (*Id.* at 2.)

A proposed amendment is futile "only if no set of facts can be proved under the

amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller*

*v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  However, denial of leave to amend on

this ground is rare.  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal.

2003).  "Ordinarily, courts will defer consideration of challenges to the merits of a proposed

amended pleading until after leave to amend is granted and the amended pleading is filed."  *Id.*

Plaintiffs seem to concede they did not adequately plead exhaustion of certain claims in

the operative First Amended Complaint ("FAC").  (ECF No. 43 at 5.)  However, they argue they

exhausted their administrative remedies by filing a PAGA letter with the Labor and Workforce

Development Agency ("LWDA") years before filing the FAC and any deficiencies in exhaustion

3

1    will be cured by the Second Amended Complaint ("SAC").  (*Id.*)  As Plaintiffs correctly point

2    out, other courts in this district have held that a subsequent amendment may cure the premature

3    filing of a PAGA claim.  *See, e.g.*, *Garnett v. ADT LLC*, 139 F. Supp. 3d 1121, 1128 (E.D. Cal.

4    2015) ("[P]laintiff cured the administrative default by waiting the appropriate amount of time

5    from her notice letter before filing her amended complaint."); *Munoz v. Giumarra Vineyards*

6    *Corp.*, No. 1:09-CV-0703 AWI JLT, 2015 WL 5326202, at \*5 (E.D. Cal. Sept. 11, 2015) ("Since

7    Defendant was given notice of the alleged violations, and an opportunity to cure before the

8    PAGA claims were filed, Plaintiffs met their administrative exhaustion requirements."); *Hoang v.*

9    *Vinh Phat Supermarket, Inc.*, No. Civ. 2:13-00724 WBS, 2013 WL 4095042, at \*7 (E.D. Cal.

10   Aug. 13, 2013) (Federal courts applying PAGA have also excused strict compliance with

11   [PAGA's] notice and exhaustion requirements and have considered a PAGA claim despite

12   delayed notice to the LDWA.").  Defendants fail to distinguish these cases or otherwise convince

13   the Court that "no set of facts can be proved under the amendment to the pleadings that would

14   constitute a valid and sufficient claim." *Miller*, 845 F.2d at 214.  As such, the Court finds this

15   factor weighs in favor of granting leave to amend.

16        Defendants raise no arguments as to the remaining Rule 15 factors.  In the absence of any

17   argument to the contrary, the Court concludes there is no evidence of bad faith, undue delay, or

18   prejudice to Defendants.  Lastly, this is Plaintiffs' first motion for leave to amend.  Therefore, the

19   Court finds all the remaining Rule 15 factors weigh in favor of granting leave to amend.

20        Accordingly, the Court GRANTS Plaintiffs' motion to amend.  To the extent Defendants

21   wish to raise unresolved issues from their previous motion to dismiss, they may do so in a future

22   motion.  Further, because Plaintiffs' motion to toll the statute of limitations corresponds with the

23   FLSA claim in the FAC — and the issue depends on the Court finding a viable FLSA claim and

24   would arguably benefit from updated briefing as the motion has been pending since 2018 —

25   Plaintiffs may refile the motion after filing the SAC.

26   ///

27   ///

28   ///

4

**IV.     CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Amend (ECF No. 39) and DENIES Plaintiffs' Motion to Toll the Statute of Limitations (ECF No. 18) as moot. Plaintiffs may file the amended pleading not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days after the electronic filing date of Plaintiff's Second Amended Complaint.

Date:  September 13, 2021

Troy L. Nunley
United States District Judge

5