1  **HILL, FARRER & BURRILL LLP**
   MICHAEL S. TURNER (Bar No. 130101)
2  E. SEAN MCLOUGHLIN (Bar No. 174076)
   WARREN J. HIGGINS (Bar No. 174229)
3  One California Plaza
   300 S. Grand Avenue, 37th Floor
4  Los Angeles, California 90071-3147
   Telephone:  213.620.0460
5  Fax:  213.624.4840

6  Attorneys for Defendant
   PENNYMAC FINANCIAL SERVICES, INC.;
7  PENNYMAC MORTGAGE INVESTMENT
   TRUST; and PRIVATE NATIONAL
8  MORTGAGE ACCEPTANCE COMPANY,
   LLC

9

10              UNITED STATES DISTRICT COURT

11             EASTERN DISTRICT OF CALIFORNIA

12

13  ERICH HEIDRICH, ERIC KIDD, and          Case No. 2:16-CV-02821-TLN-EFB
    MARIA ANGELICA CASTRO, on
14  behalf of themselves and others          **DEFENDANTS' NOTICE OF**
    similarly situated,                      **MOTION AND MOTION: (1) TO**
15                                           **DISMISS SECOND AMENDED**
                   Plaintiffs,               **COMPLAINT [Fed. R. Civ. P.**
16                                           **12(b)(6)]; and (2) TO STRIKE**
           v.                                **PORTIONS OF THE SECOND**
17                                           **AMENDED COMPLAINT [Fed.**
    PENNYMAC FINANCIAL                       **R. Civ. P. 12(f)]**
18  SERVICES, INC.; PENNYMAC
    MORTGAGE INVESTMENT TRUST;               Date:     November 18, 2021
19  and PRIVATE NATIONAL                     Time:     2:00 p.m.
    MORTGAGE ACCEPTANCE CO.                  Dept:     2
20  (collectively "PENNYMAC"),               Judge:    Hon. Troy L. Nunley

21                 Defendants.

22

23

24

25

26

27

28

---

DEFENDANTS' MOTION TO DISMISS AND TO STRIKE SECOND AMENDED COMPLAINT
2:16-CV-02821-TLN-EFB

1

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

## NOTICE OF HEARING OF MOTION

**TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on November 18, 2021 at 2:00 p.m. or as soon thereafter as the matter may be heard in courtroom of the Honorable Troy L. Nunley's, courtroom 2, located at 501 I Street, Sacramento, CA 95814, Defendants PENNYMAC FINANCIAL SERVICES, INC., PENNYMAC MORTGAGE INVESTMENT TRUST, and PRIVATE NATIONAL MORTGAGE ACCEPTANCE CO. ("Defendants"), will have heard its motions to: (1) dismiss the Second Amended Complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(6) in its entirety without leave to amend; and (2) alternatively, strike certain portions of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).

If the Court declines to dismiss this action in its entirety, Defendants request that the Court dismiss the PAGA claim as it is barred by judgment entered in an identical PAGA suit by the Los Angeles County Superior Court.

With regard to the motion to strike, Defendants ask the court to strike language from paragraph 70 of the SAC requesting the recovery of "underpaid wages" as part of the PAGA claim because such a remedy is not available to private litigants under PAGA.

This motion is based on the attached memorandum of points and authorities and the concurrently filed Request for Judicial Notice, as well as the complete files and records of this matter, the argument of counsel at the hearing, and such further and other matters as may be presented in connection with the hearing and final disposition of this motion.

DATED: October 8, 2021          HILL, FARRER & BURRILL LLP

By: **_/s/ E. Sean McLoughlin_**
     E. Sean McLoughlin
     Attorneys for Defendants

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION. ...................................................................................7

II.  FACTUAL AND PROCEDURAL BACKGROUND. ........................................8

    A.   The Smigelski Action. .....................................................................8

    B.   This Action. ....................................................................................9

    C.   State Court Litigation in Smigelski Since 2019. .........................10

    D.   The Decision of the Ninth Circuit in the Appeal in this Case. ...10

    E.   Neither this Court's Decision on Defendants' Motion to Compel Arbitration, Nor the Ninth Circuit's Decision, Addressed Defendants' Argument that Plaintiffs' FLSA Claim Fails to State a Claim Upon Which Relief Can Be Granted. ...............11

    F.   Defendants Settled a Nearly Identical PAGA Claim In McPherson v. PennyMac, Which Resulted in a Judgment. ................................11

III. LEGAL ARGUMENT. ..........................................................................13

    A.   Plaintiffs' FLSA Claim Fails to State a Claim Upon Which Relief Can Be Granted Because it Fails to Meet the Pleading Standards Established in Landers v. Quality Communications, Inc. ...........13

    B.   After Dismissing the FLSA Claim, the Court Should Decline to Exercise Supplemental Jurisdiction Over State Law Claims. .....16

    C.   The Court Should Decline to Exercise Jurisdiction Over the State Law Claims Under the Colorado River Abstention Doctrine..........................17

    D.   Plaintiffs' PAGA Claim Is Barred by the Final Judgment in McPherson v. PennyMac. .............................................................18

        1.   A Final Judgment in a PAGA Action Precludes Relitigation of the Same Claim in a Subsequent Suit. .....................................18

        2.   The Judgment in McPherson v. PennyMac Bars Plaintiffs' Sixth Claim for Relief. ..............................................................21

    E.   The Court Should Strike Plaintiffs' Request for Underpaid Wages as Part of Their PAGA Claim Because That Remedy Is Not Allowed Under PAGA....................................................................23

IV. CONCLUSION. ...................................................................................25

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

# TABLE OF AUTORITIES

**Page(s)**

**Cases**

Abagninin v. AMVAC Chem. Corp.,
  545 F.3d 733 (9th Cir. 2008) ................................................................. 14

Arias v. Superior Court,
  46 Cal. 4th 969 (2009) ................................................................... 19, 21

Ashcroft v. Iqbal,
  556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ......... 12

Bell Atl. Corp. v. Twombly,
  550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) ......... 12

Billington v. United Nat. Foods, Inc.,
  No. 218CV02082TLNEFB, 2020 WL 5763824 (E.D. Cal. Sept. 28, 2020) ....... 13

Boyack v. Regis Corp.,
  812 F. App'x 428 (9th Cir. 2020) .......................................................... 14

California State Auto. Assn. Inter-Ins. Bureau v. Superior Court,
  50 Cal. 3d 658 (1990) ........................................................................... 22

Caltex Plastics, Inc. v. Lockheed Martin Corp.,
  824 F.3d 1156 (9th Cir. 2016) .............................................................. 12

Carter v. Rasier-Ca, LLC,
  724 F. App'x 586 (9th Cir. 2018) .......................................................... 13

Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n,
  60 Cal. App. 4th 1053 (1998) .......................................................... 18, 22

Colorado River Water Conservation Dist. v. United States,
  424 U.S. 800, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976) ............. 16

Consumer Advocacy Group, Inc. v. ExxonMobil Corp.,
  168 Cal. App. 4th 675 (2008) ......................................................... 21, 22

Daniels v. Select Portfolio Servicing, Inc.,
  246 Cal. App. 4th 1150 (2016) .............................................................. 18

Davis v. Abington Mem'l Hosp.,
  765 F.3d 236 (3d Cir. 2014) ................................................................. 15

DKN Holdings LLC v. Faerber,
  61 Cal. 4th 813 (2015) ................................................................... 18, 22

Foman v. Davis,
  371 U.S. 178, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) ................... 14

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

Gofron v. Picsel Techs., Inc.,
    804 F. Supp. 2d 1030 (N.D. Cal. 2011) ................................................. 15

Guerrero v. Halliburton Energy Servs., Inc.,
    No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296 (E.D. Cal. Nov. 2, 2016) ....... 13

Harbaugh v. Pac. Cap. Enterprises LLC,
    No. CV-19-04720-PHX-JAT, 2020 WL 2840053 (D. Ariz. June 1, 2020) ......... 13

Kremer v. Chem. Const. Corp.,
    456 U.S. 461, 102 S. Ct. 1883, 1898, 72 L. Ed. 2d 262 (1982) ................... 18

Landers v. Quality Comms., Inc.,
    771 F.3d 638 (9th Cir. 2014) ............................................................... 12

Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,
    884 F.2d 504, 509 (9th Cir.1989) ........................................................ 15

Marrese v. American Acad. of Orthopaedic Surgeons,
    470 U.S. 373, 105 S. Ct. 1327, 1332, 84 L. Ed. 2d 274 (1985) ................... 18

Miranda v. Anderson Enterprises, Inc.,
    241 Cal. App. 4th 196 (2015) ............................................................. 19

Montazer v. SM Stoller, Inc.,
    363 F. App'x 460 .............................................................................. 15

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1, 103 S. Ct. 927, 940, 74 L. Ed. 2d 765 (1983) ........................ 16

Mycogen Corp. v. Monsanto Co.,
    28 Cal. 4th 888 (2002) ...................................................................... 18

R.R. St. & Co. Inc. v. Transp. Ins. Co.,
    656 F.3d 966 (9th Cir. 2011) .............................................................. 16

Robinson v. Southern Counties Oil Co.,
    53 Cal. App. 5th 476 (2020) ............................................................... 19

Salazar v. Driver Provider Phoenix LLC,
    No. CV-19-05760-PHX-SMB, 2020 WL 5748129 (D. Ariz. Sept. 24, 2020) ..... 14

Samara v. Matar,
    8 Cal. App. 5th 796 (2017) ................................................................ 18

Susilo v. Wells Fargo Bank, N.A.,
    796 F. Supp. 2d 1177 (C.D. Cal. 2011) ................................................. 23

Szanto v. Crandall,
    No. CV10–02263–AHM(CWX), 2010 WL 2349206 (C.D. Cal. 2010) ............. 15

Tanguilig v. Bloomingdale's, Inc.
    5 Cal. App. 5th 665 (2016) ................................................................ 20

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

<u>Torrey Pines Bank v. Superior Court</u>,
  216 Cal. App. 3d 813 (1989) ...................................................................... 18

<u>United Mine Workers of Am. v. Gibbs</u>,
  383 U.S. 715 (1966) ...................................................................................... 15

<u>United States v. State Water Res. Control Bd.</u>,
  988 F.3d 1194 (9th Cir. 2021) ..................................................................... 16

<u>Villacres v. ABM Indus. Inc.</u>,
  189 Cal. App. 4th 562 (2010) ...................................................................... 20

<u>Whittlestone, Inc. v. Handi-Craft Co.</u>,
  618 F.3d 970 (9th Cir. 2010) ....................................................................... 23

<u>ZB, N.A. v. Superior Court</u>,
  8 Cal. 5th 175 (2019) .................................................................................... 23

**Statutes**

Cal. Lab. Code § 558 ....................................................................... 12, 24

Cal. Lab. Code § 2699 ............................................................................... 22

**Rules**

Fed. R. Civ. P. 8(a)(2) ................................................................................ 13

Fed. R. Civ. P. 12(b)(6) ............................................................................. 13

Fed. R. Civ. P. 12(f) ............................................................................. 23-24

Fed. R. Civ. P. 12(g)(1) ............................................................................. 24

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1    **I.**    <u>**INTRODUCTION**</u>.

2       This case does not belong in this Court.  Plaintiffs Erich Heidrich, Eric Kidd

3 and Angelica Castro (collectively "Plaintiffs") are former employees of Private

4 National Mortgage Acceptance Company ("PennyMac").  Plaintiffs allege various

5 wage and hour claims against PennyMac and other related entities.  They allege a

6 single federal claim under the FLSA and seek a collective action.  They also assert

7 state law claims under California's Labor Code and seek a putative class action, as

8 well as PAGA civil penalties.  But these same state law claims already were

9 asserted in two other California state court cases, <u>Smigelski</u> and <u>McPherson</u>.  The

10 <u>McPherson</u> case resulted in a judgment that bars all PAGA civil penalty claims

11 against PennyMac, including the ones asserted in this case.  The <u>Smigelski</u> case is a

12 putative class action that has been pending in the Sacramento County Superior

13 Court for almost six years, with substantial discovery and litigation completed.

14       In this case, Plaintiffs filed a Second Amended Complaint ("SAC").  Because

15 the SAC fails as a matter of law, it and this action should be dismissed.

16       <u>**First**</u>, the FLSA claim in the SAC (the basis for this Court's jurisdiction) is

17 not alleged with the specificity required by <u>Landers v. Quality Comms., Inc.</u>, 771

18 F.3d 638 (9th Cir. 2014) and its progeny.  It therefore must be dismissed.

19       <u>**Second**</u>, once the FLSA claim is dismissed, the Court's federal-question

20 jurisdiction is lost.  The only remaining claims are for alleged state law violations.

21 Case authority is clear that in such cases, a federal court should decline to exercise

22 supplemental jurisdiction over the state law claims and should instead dismiss

23 them.  This is especially true where, as here, a state court case is already pending

24 (<u>Smigelski</u>) and seeks the same relief on the same causes of action.

25       <u>**Third**</u>, even if the FLSA claim is not dismissed, the Court should decline to

26 exercise jurisdiction over the state law claims alleged in this case based on the

27 <u>Colorado River</u> doctrine.  This action and the <u>Smigelski</u> case allege identical claims

28 (except for the FLSA claim).  The <u>Smigelski</u> case has been pending for almost six

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

years and is substantially closer than this case to an adjudication of the state law claims. In the interest of judicial economy, the <u>Smigelski</u> action should continue and the state law claims in this action should be dismissed.

**Fourth**, if the Court decides to entertain the state law claims, it must at a minimum dismiss Plaintiffs' PAGA claim. The PAGA claim is barred by the judgment entered in <u>McPherson</u>, barring all other PAGA claims against PennyMac during the relevant time period. It must be given preclusive effect here.

**Fifth**, even if the Court does not dismiss the PAGA claim, it should, at the very least, strike Plaintiffs' request for underpaid wages as part of the PAGA claim because that remedy is not available to private litigants suing under PAGA.

Dismissal of the SAC will not affect the substantive rights of the Plaintiffs or their ability to obtain relief. It would merely result in a change of venue. Plaintiffs' rights may still be pursued and vindicated in <u>Smigelski</u>. Defendants request that the Court dismiss the SAC without leave to amend and dismiss this action.

## II.   FACTUAL AND PROCEDURAL BACKGROUND.

### A.   The Smigelski Action.

On November 17, 2015, a former PennyMac employee, Richard Smigelski, filed an action in Sacramento Superior Court, entitled <u>Richard Smigelski v. PennyMac Financial Services, Inc. et al.</u>, Case No. 34-2015-00186855 ("<u>Smigelski</u>"). Defendants' Request for Judicial Notice ("RJN"), Exh. 2. The original complaint alleged a single cause of action under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698, *et seq.* <u>Smigelski</u> was filed by Plaintiffs' counsel, Chris Baker, who remains counsel of record in both actions.

On March 10, 2016, Smigelski filed a First Amended Complaint, which added putative class claims: (1) alleging failure to pay overtime in violation of Cal. Lab. Code § 510; (2) alleging failure to provide accurate wage statements in violation of Cal. Lab. Code § 226; (3) seeking waiting time penalties under Cal. Lab. Code § 203; and (4) alleging unfair business practices under Cal. Bus. & Prof.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1   Code § 17200.  RJN, Exh. 3.[1]

2        *Smigelski* alleges putative class action claims and a PAGA claim based on

3   the same theories as the SAC.  Plaintiffs' SAC in this case is structured identically

4   to the amended complaint in the *Smigelski* case and contains the same substantive

5   allegations. While *Smigelski* does not allege an FLSA claim, identical theories are

6   alleged in support of the state law claims. *Compare* RJN, Exh. 2 and ECF No. 46.

7        On April 22, 2016, the state trial court denied PennyMac's motion to compel

8   arbitration in *Smigelski*.  On April 29, 2016, PennyMac appealed. RJN, Exh. 7.

9        **B.    This Action.**

10        On November 28, 2016, while trial court proceedings in *Smigelski* were

11  stayed by the then-pending appeal, Plaintiffs and their counsel filed this duplicative

12  action in federal court seeking a more favorable forum and an escape from the stay.

13  ECF No. 1.  The complaint in this action is nearly identical to the *Smigelski* action,

14  except that Plaintiffs added a claim under the Fair Labor Standards Act ("FLSA"),

15  solely for the purpose of obtaining federal question jurisdiction.  On January 9,

16  2017, Plaintiffs added a PAGA claim, further overlaping *Smigelski*.  ECF No. 4.

17        On February 10, 2017 Defendants moved to compel arbitration of Plaintiff's

18  FLSA claim and to dismiss the action in its entirety or, alternatively, stay the action

19  pending resolution of the *Smigelski* case.  ECF No. 9.

20        On July 11, 2018, the Court issued its "Order Granting Defendants' Motion

21  to Compel Arbitration of FLSA Claim and to Dismiss."  ECF No. 24.  The Court

22  compelled Plaintiffs' FLSA claim to arbitration, dismissed that claim and declined

23  to exercise supplemental jurisdiction over the state law claims because the "sole

24  basis" for federal subject matter jurisdiction (the FLSA claim) was being dismissed.

25  ECF No. 24 6:1-5 (citing 28 U.S.C. § 1367(c)(3).)  Because the Court compelled

26  arbitration of Plaintiffs' FLSA claim, it did not address Defendants' alternate

27        [1] On August 3, 2021, Plaintiffs filed a Second Amended Complaint in

28  *Smigelski*. RJN, Exh. 4.  The SAC does not change any of the substantive
    allegations in the *Smigelski* action.  *Compare* RJN, Exh. 3 & RJN, Exh. 4.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1    argument under Fed. R. Civ. P. 12(b)(6) that Plaintiffs' FLSA claim failed to state a

2    claim upon which relief could be granted, nor did it address the abstention doctrine.

3    Plaintiffs appealed the Court's decision.  ECF No. 25.

4         **C.**     **State Court Litigation in _Smigelski_ Since 2019.**

5         PennyMac's appeal in _Smigelski_ was unsuccessful and the case was remitted

6    to the state trial court on July 25, 2019.  RJN, Ex. 1, p. 14.  Since that time the case

7    has been heavily litigated by Plaintiff's counsel.  The parties have engaged in

8    extensive discovery which resulted in numerous discovery motions.  _See_ RJN, Ex.

9    1, pp. 2-3 (Motions to Compel heard on 12/17/1/9, 2/7/20, 2/3/20, 2/21/20, 3/2/20,

10   7/21/20).  The extensive discovery and disputes led to appointment of Hon. Patricia

11   Yim Cowett (Ret.) as discovery referee.  RJN, Ex. 11.  Judge Cowett has since

12   issued five reports and recommendations.  RJN, Exs. 12-16.  The Plaintiffs in

13   _Smigelski_ have also taken the depositions of  several PennyMac managers and

14   officers and other depositions are being set.  RJN Ex. 18, 5:6-7.  A deadline for a

15   class certification motion has not yet been set.  RJN, Ex. 18, p. 5:9-17.

16        **D.**     **The Decision of the Ninth Circuit in the Appeal in this Case.**

17        As noted above, Plaintiffs appealed this Court's decision compelling

18   arbitration and dismissing the case.  On February 7, 2020, the Ninth Circuit issued

19   its decision, reversing this Court on only the arbitration issue and the limited

20   jurisdictional issues flowing from the arbitration issue.  RJN, Exh. 10.

21        Upon remand to this Court, Plaintiffs sought leave to amend.  Recently, the

22   Court granted that motion.  ECF No. 45.  The Court's order stated that, "[t]o the

23   extent Defendants wish to raise unresolved issues from their previous motion to

24   dismiss, they may do so in a future motion."  On September 17, 2021, Plaintiffs

25   filed their Second Amended Complaint ("SAC") in this action.  ECF No. 46.  The

26   SAC added additional allegations regarding Plaintiffs' purported exhaustion of their

27   administrative remedies under PAGA.  ECF No. 46, ¶ 10.  The SAC did not make

28   any changes to the FLSA claim or to the allegations supporting the FLSA claim.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

**E.**   **Neither this Court's Decision on Defendants' Motion to Compel Arbitration, Nor the Ninth Circuit's Decision, Addressed Defendants' Argument that Plaintiffs' FLSA Claim Fails to State a Claim Upon Which Relief Can Be Granted.**

Defendants' Motion to Compel Arbitration and to Dismiss (ECF No. 9) contained an alternative argument for dismissal of Plaintiffs' FLSA claim, namely that the FLSA claim did not contain sufficient factual allegations under controlling law.  Because this Court held that the FLSA claim was subject to mandatory binding arbitration, the Court did not address Defendant's alternative argument and the Ninth Circuit also never reached the issue.

The SAC did not add any additional factual allegations to support Plaintiffs' FLSA claim and that claim remains insufficient.  For that reason, Defendants request that the Court dismiss Plaintiffs' FLSA claim and decline to exercise jurisdiction over Plaintiffs' state law claims, which are pending in Smigelski.

**F.**   **Defendants Settled a Nearly Identical PAGA Claim In McPherson v. PennyMac, Which Resulted in a Judgment.**

This action is also impacted by another state court action that was filed against PennyMac while Smigelski was on appeal, Stephanie McPherson v. PennyMac Corporation; PennyMac Financial Services, Inc.; PennyMac Loan Services, Inc.; Private National Mortgage Acceptance Company, LLC; and Does 1 to 100, inclusive, Los Angeles County Superior Court, Case No. BC654666 ("McPherson"), which was filed March 21, 2017.  See RJN, Exh. 19.  The Complaint in McPherson alleged that plaintiff Stephanie McPherson was employed by PennyMac as a loan process and home loan specialist from 2014 until February 7, 2017.  RJN, Exh. 19, ¶¶ 3, 39-41.  The Complaint alleged that PennyMac: (1) failed to pay overtime in violation of Labor Code sections 200, 226, 500, 510, 1198 and applicable Wage Order (RJN, Ex. 19, ¶¶ 51-60); (2) failed to pay all hours worked in violation of Labor Code sections 200, 226, 500, 510, 1197, 1198 and

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1   applicable Wage Order (RJN, Ex. 19, ¶¶ 63-68); (3) failed to provide rest periods in

2   violation of Labor Code section 226.7 and applicable Wage Order (RJN, Ex. 19, ¶

3   71-74); (4) failed to provide meal periods in violation of Labor Code sections 226.7

4   and appliable Wage Order (RJN, Ex. 19, ¶¶ 76-79); (5) failed to maintain required

5   records in violation of Labor Code sections 1174,1174.5 and applicable Wage

6   Order (RJN, Ex. 19, ¶¶ 87-89); and (6) failed to pay minimum wage in violation of

7   Labor Code sections 1194, 1197 and applicable Wage Order (RJN, Ex. 19, ¶¶ 91-

8   93). McPherson also sought waiting time penalties pursuant to Labor Code section

9   203.  RJN, Ex. 19, ¶¶ 81-85, 94, 98.

10          In her Eighth Cause of Action under PAGA, McPherson alleged she was an

11  aggrieved employee under Labor Code section 2699 and was bringing the PAGA

12  claim on behalf of herself, other aggrieved employees, and the LWDA.  McPherson

13  sought PAGA civil penalties for failure pay wages and overtime wages when due,

14  failure to pay wages owed upon termination, failure to provide accurate wage

15  statements, failure to provide meal periods and rest breaks, failure to pay wages for

16  all hours worked, and failure to keep accurate records.  RJN, Ex. 19, ¶¶ 95-98.

17          PennyMac and McPherson agreed to settle, and as required by Labor Code

18  section 2699(l)(2), the parties sought and obtained court approval.  On October 3,

19  2018, the Court entered its Amended Judgment (the "Judgment").  See RJN, Ex. 20.

20          The Judgment provided that "this Final Judgment shall bar Plaintiff, all

21  Aggrieved Employees, the State of California and its LWDA, and any other person

22  or allegedly aggrieved employee acting on behalf of the State of California or its

23  LWDA, from seeking or recovering any civil penalty provided by the labor Code,

24  including without limitation any civil penalty provided by Labor Code Sections 558

25  or 2699(a) or (f) from Defendant . . . based on any act or omission alleged in the

26  Complaint or that could have been alleged in the Complaint based on any violation

27  of the Labor Code occurring before the date of this Judgment."  RJN, Ex. 20, ¶ 3.

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1   **III.   LEGAL ARGUMENT.**

2       **A.   <u>Plaintiffs' FLSA Claim Fails to State a Claim Upon Which Relief</u>**

3           **<u>Can Be Granted Because it Fails to Meet the Pleading Standards</u>**

4           **<u>Established in Landers v. Quality Communications, Inc.</u>**

5       Rule 12 of the Federal Rules of Civil Procedure provides that a claim may be

6   dismissed if it fails "to state a claim upon which relief can be granted."  Fed. R.

7   Civ. P. 12(b)(6).  Under Rule 12(b)(6) a claim within a complaint may be dismissed

8   "when it fails to state a cognizable legal theory or fails to allege sufficient factual

9   support for its legal theories."  <u>Caltex Plastics, Inc. v. Lockheed Martin Corp.</u>, 824

10   F.3d 1156, 1159 (9th Cir. 2016).  Under Rule 8 of the Federal Rules of Civil

11   Procedure, a complaint must contain "a short and plain statement of the claim

12   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

13       The United States Supreme Court has interpreted the pleading standard under

14   Rule 8 to mean that a plaintiff must provide "more than labels and conclusions, and

15   a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl.</u>

16   <u>Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929

17   (2007).  "Factual allegations must be enough to raise a right to relief above the

18   speculative level . . ., on the assumption that all the allegations in the complaint are

19   true (even if doubtful in fact)."  <u>Id.</u> (citations and footnote omitted); <u>see</u> <u>also</u>

20   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868

21   (2009) ("the pleading standard Rule 8 announces . . . demands more than an

22   unadorned, the-defendant-unlawfully-harmed-me accusation.").

23       In <u>Landers v. Quality Comms., Inc.</u>, 771 F.3d 638 (9th Cir. 2014), the Ninth

24   Circuit considered what degree of specificity is required for a plaintiff to state a

25   viable claim under the FLSA.  The court noted that, prior to <u>Twombly</u> and <u>Iqbal</u>,

26   federal courts held that the Rule 8 pleading standard "could be met by a statement

27   merely setting forth the elements of the claim."  Thus, a claim under the FLSA

28   required the plaintiff only "to allege that the employer failed to pay the employee

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1    minimum wages or overtime wages." Id. at 640-641.

2    But after Twombly and Iqbal, the court was required examine the complaint

3    "to determine whether the allegations plausibly state a claim that Quality failed to

4    pay minimum wages and overtime wages, keeping in mind that detailed facts are

5    not required." Id. at 641.  The Landers court reviewed decisions of other federal

6    courts and adopted the reasoning of the First, Second, and Third Circuits, which

7    held that a "a plaintiff asserting a claim to overtime payments must allege that she

8    worked more than forty hours in a given workweek without being compensated for

9    the overtime hours worked during that workweek." Id. at 644.  The Landers court

10    held that the complaint at issue was insufficient because it "did not allege facts

11    showing that there was a given week in which [the plaintiff] was entitled to but

12    denied minimum wages or overtime wages." Id. at 645.

13    The Landers decision has been repeatedly followed by the Ninth Circuit and

14    its district courts and remains controlling precedent.  See, e.g., Billington v. United

15    Nat. Foods, Inc., No. 218CV02082TLNEFB, 2020 WL 5763824, at *3 (E.D. Cal.

16    Sept. 28, 2020) (FLSA claim insufficient because "Plaintiffs fail to point to any

17    factual allegations in the Complaint that describe at least one specific workweek

18    where pay was denied to either Plaintiff."); Guerrero v. Halliburton Energy Servs.,

19    Inc., No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *4 (E.D. Cal. Nov. 2,

20    2016) (complaint failed to satisfy Landers because, "Plaintiff's allegations are

21    overly general and therefore preclude the Court from making a plausible inference

22    that Defendants engaged in the alleged conduct during at least one workweek.");

23    Carter v. Rasier-Ca, LLC, 724 F. App'x 586, 587 (9th Cir. 2018) ("The district

24    court properly dismissed Carter's minimum wage and overtime wage claims under

25    the FLSA . . . because Carter failed to allege facts sufficient to state plausible

26    claims for unpaid wages." (citing Landers)); Harbaugh v. Pac. Cap. Enterprises

27    LLC, No. CV-19-04720-PHX-JAT, 2020 WL 2840053, at *2 (D. Ariz. June 1,

28    2020) ("Plaintiff's allegations suffer from the same deficiencies identified in

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

<u>Landers</u>. She simply alleges that she 'routinely' worked over forty hours in a workweek, in addition to weekends, seemingly without any compensation."); <u>Salazar v. Driver Provider Phoenix LLC</u>, No. CV-19-05760-PHX-SMB, 2020 WL 5748129, at *5 (D. Ariz. Sept. 24, 2020) ("Plaintiffs fail to allege a 'given week' in which they worked more than forty hours and failed to receive overtime. . . . Therefore, Plaintiffs' FLSA claim must be dismissed."); <u>Boyack v. Regis Corp.</u>, 812 F. App'x 428, 430–31 (9th Cir. 2020).

The allegations of the SAC do not come close to satisfying the requirements of <u>Landers</u>. The SAC merely alleges that: (1) "Plaintiffs worked a considerable amount of overtime" and that Defendants miscalculated the proper overtime rate ECF 46, ¶¶ 13-14; and (2) "Defendants did not calculate the overtime rate of pay for Plaintiffs based on amounts earned while the overtime was being worked." ECF 46, ¶ 42. Like in <u>Landers</u>, Plaintiffs merely present "generalized allegations asserting violations of the . . . overtime provisions of the FLSA by the defendants." <u>Landers</u>, 771 F.3d at 646. They fail to allege at least one workweek in which they worked in excess of forty hours and were not compensated for their overtime hours. The FLSA claim must be dismissed for failure to state a plausible claim. See <u>id.</u>

The Court should note that the SAC is the third complaint filed by Plaintiffs in this action and was amended after Plaintiffs were apprised of the defective pleading of their FLSA claim under <u>Landers</u>. ECF No. 9, at pp. 13-14. Thus, Plaintiffs were on notice of the deficiencies of their FLSA claim. Despite this, when Plaintiffs filed their SAC, they made no attempt to add any factual allegations to support the FLSA claim, tacitly admitting they cannot correct his defect through amendment. For this reason, the FLSA claim should be dismissed without leave to amend. See <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (denial of leave to amend proper where there has been "repeated failure to cure deficiencies by amendments previously allowed"); <u>Abagninin v. AMVAC Chem. Corp.</u>, 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may . . . be

1  denied for repeated failure to cure deficiencies by previous amendment."); <u>Davis v.</u>

2  <u>Abington Mem'l Hosp.</u>, 765 F.3d 236, 244–245 (3d Cir. 2014) ("A District Court

3  has discretion to deny a plaintiff leave to amend where the plaintiff was put on

4  notice as to the deficiencies in his complaint, but chose not to resolve them.").

## B.    After Dismissing the FLSA Claim, the Court Should Decline to Exercise Supplemental Jurisdiction Over State Law Claims.

7  "When ... the court dismisses the federal claim leaving only state claims for

8  resolution, the court should decline jurisdiction over the state claims and dismiss

9  them without prejudice." <u>Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n</u>, 884

10  F.2d 504, 509 (9th Cir.1989).  This is the "preferable course of action." <u>Montazer</u>

11  <u>v. SM Stoller, Inc.</u>, 363 F. App'x 460, 462 (9th Cir. 2010). <u>See also</u> <u>United Mine</u>

12  <u>Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966) ("Certainly, if the federal

13  claims are dismissed before trial, . . . the state claims should be dismissed as

14  well.").  In determining whether to dismiss the remaining state law claims, the court

15  should balance the following factors: judicial economy, convenience, fairness and

16  comity. <u>Id.</u>  Dismissal is warranted if the case is at an early stage. <u>Szanto v.</u>

17  <u>Crandall</u>, No. CV10–02263–AHM(CWX), 2010 WL 2349206, at *1 (C.D. Cal.

18  2010); <u>Gofron v. Picsel Techs., Inc.</u>, 804 F. Supp. 2d 1030, 1045 (N.D. Cal. 2011).

19  Here, if the FLSA claim is dismissed, only state law claims will remain.

20  Specifically, only Plaintiffs' California Labor Code claims and derivative Unfair

21  Business Practices claim will remain.  It is in the best interest of the parties and the

22  Court to dismiss the remaining state law claims.  The parties are in the early stages

23  of this litigation.  Neither party would be prejudiced by the early dismissal of this

24  case.  Further, a state court is clearly better equipped to handle purely state law

25  matters and is already doing so.  As discussed in more detail below, the Court

26  should dismiss the state law claims in this case because of the identical <u>Smigelski</u>

27  action pending in Sacramento County Superior Court. <u>Moses H. Cone Mem'l Hosp.</u>

28  <u>v. Mercury Constr. Corp.</u>, 460 U.S. 1, 28, 103 S. Ct. 927, 940, 74 L. Ed. 2d 765

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1  (1983) ("When a district court decides to dismiss or stay under <u>Colorado River</u>, it

2  presumably concludes that the parallel state-court litigation will be an adequate

3  vehicle for the complete and prompt resolution of the issues between the parties.");

4  <u>R.R. St. & Co. Inc. v. Transp. Ins. Co.</u>, 656 F.3d 966, 983 (9th Cir. 2011).  No

5  factor favors this Court exercising supplemental jurisdiction.

6  **C.**   **The Court Should Decline to Exercise Jurisdiction Over the State**

7  **Law Claims Under the Colorado River Abstention Doctrine.**

8  Under the <u>Colorado River</u> doctrine, a federal court may decline to exercise

9  jurisdiction when a concurrent and overlapping state court action is pending.  The

10  doctrine is invoked for "for reasons of wise judicial administration" and the

11  "conservation of judicial resources."  <u>Colorado River Water Conservation Dist. v.</u>

12  <u>United States</u>, 424 U.S. 800, 818, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976).

13  Courts have identified eight factors to be considered in determining whether

14  to decline jurisdiction under the <u>Colorado River</u> doctrine: (1) which court first

15  assumed jurisdiction of any property at stake; (2) the inconvenience of the federal

16  forum; (3) avoidance of piecemeal litigation; (4) the order in which the courts

17  obtain jurisdiction over the dispute; (5) whether federal or state law provides the

18  rule of decision; (6) whether the state court can protect the interests of the federal

19  litigants; (7) avoidance of forum shopping; and (8) whether the state court can

20  resolve all of the issues present in the federal court.  <u>United States v. State Water</u>

21  <u>Res. Control Bd.</u>, 988 F.3d 1194, 1203 (9th Cir. 2021); <u>R.R. St. & Co. Inc. v.</u>

22  <u>Transp. Ins. Co.</u>, 656 F.3d 966, 978-979 (9th Cir. 2011).  Not all factors will apply

23  in all cases and the factors should be applied "in a pragmatic, flexible manner with

24  a view to the realities of the case at hand."  <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S.

25  at 21.  The applicable factors weigh in favor of the Court declining to exercise

26  jurisdiction in this case.

27  First, Plaintiffs' intent to engage in forum shopping is clearly evident.

28  Plaintiffs filed this action while the <u>Smigelski</u> action was stayed and on appeal,

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

seeking a forum in which the stay would have no effect.  Plaintiffs simply added a FLSA claim to the <u>Smigelski</u> complaint, named Smigelski class members as Plaintiffs and filed the same action in this Court.  Second, the California Superior Court in Sacramento County obtained jurisdiction over this dispute first.  <u>Smigelski</u> was filed in November of 2015.  This case was filed a year later.   Third, the danger of piecemeal litigation is real.  There is significant risk that the state and federal courts may reach inconsistent rulings, as illustrated by the opposite outcomes on the identical arbitration agreements.  Fourth, the state court can adequately protect the rights of the Plaintiffs in this case, because they are putative class members in the <u>Smigelski</u> action and the state court is empowered to resolve all issues between the parties presented by the SAC.  As noted above, this action is identical to the <u>Smigelski</u> action except that it adds an FLSA claim; but the remedies available under the FLSA are of no greater benefit to the parties or the putative class than the Labor Code remedies already being sought in <u>Smigelski</u>.  Fifth, other than the FLSA claim (which is insufficient as described above) all of the claims asserted are based on California law and California law provides the rule of decision.

For all of these reasons, the Court should decline to exercise jurisdiction over this case under the <u>Colorado River</u> doctrine.

### D.   **Plaintiffs' PAGA Claim Is Barred by the Final Judgment in McPherson v. PennyMac.**

If, despite the insufficiency of the sole federal claim and despite the <u>Colorado River</u> doctrine, the court nevertheless decides to consider the state law claims, then it must dismiss the PAGA claim, because that claim is barred by the judgment entered in <u>McPherson</u>.

### 1.   **A Final Judgment in a PAGA Action Precludes Relitigation of the Same Claim in a Subsequent Suit.**

The doctrine of claim preclusion prevents relitigation of the same claim in a

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

second suit when the claim was decided in an earlier action.[2]  Claim preclusion applies when the second suit is "between the same parties or parties in privity with them." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2002); Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1065 (1998) (claim preclusion recognizes that when a matter has already been litigated, public policy and the interests of the litigants require the end to the litigation).

To invoke claim preclusion, a party must establish that the second lawsuit involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015).  Additionally, claim preclusion bars "cause[s] of action [that] *could have been brought*, whether or not [they were] actually asserted or decided in the first lawsuit." Samara v. Matar, 8 Cal. App. 5th 796, 803 (2017) (emphasis added), aff'd  5 Cal. 5th 322 (2018); Daniels v. Select Portfolio Servicing, Inc., 246 Cal. App. 4th 1150, 1164 (2016) ("claim preclusion bars claims that could have been raised in the first proceeding"); Torrey Pines Bank v. Superior Court, 216 Cal. App. 3d 813, 821(1989) (claim preclusion bars "not only the reopening of the original controversy, but also subsequent litigation of all issues which were or could have been raised in the original suit.").

Under California law it is well established that a final judgment entered in a PAGA action results in claim preclusion against subsequent actions seeking civil penalties for the same Labor Code violations. Arias v. Superior Court, 46 Cal. 4th

---

[2] A federal court exercising federal-question jurisdiction must apply state claim preclusion law when determining whether a prior state court decision is to be given preclusive effect in federal court. 28 U.S.C. § 1738 ("judicial proceedings [of a state] shall have the same full faith and credit in every court within the United States").  "This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered." Marrese v. American Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S. Ct. 1327, 1332, 84 L. Ed. 2d 274 (1985); Kremer v. Chem. Const. Corp., 456 U.S. 461, 481–82, 102 S. Ct. 1883, 1898, 72 L. Ed. 2d 262 (1982) ("It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments.").

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

969, 986 (2009). Because PAGA civil actions are representative actions prosecuted by private plaintiffs on behalf of the State, a judgment in a PAGA action binds the State and any nonparty aggrieved employees (like Plaintiffs or like the Plaintiff in Smigelski). "Because an aggrieved employee's action under the Labor Code Private Attorneys General Act of 2004 functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government. . . . Accordingly, with respect to the recovery of civil penalties, nonparty employees as well as the government are bound by the judgment in an action brought under the act . . ." Id.

Robinson v. Southern Counties Oil Co., 53 Cal. App. 5th 476 (2020), is directly on point. In Robinson, the plaintiff filed a PAGA claim in Contra Costa County against his former employer, alleging the employer failed to properly provide meal and rest breaks in violation of sections 226.7 and 512 of the Labor Code. Id. at 479-480. The San Diego Superior Court had previously approved a settlement in a class action lawsuit (Gutierrez) that also sought civil penalties under PAGA for the same alleged Labor Code violations. Id. at 480. The employer demurred on claim preclusion grounds and the trial court sustained demurrer without leave to amend. Id.

The Court of Appeal affirmed, stating that "there is no dispute that the present action and the Gutierrez action involve PAGA claims based on the same alleged violations of the Labor Code." Id. at 482. Robinson argued that he had previously opted out of the class action and that the PAGA settlement and judgment therefore had no application to him. The court disagreed, stating that "with respect to the recovery of civil penalties, nonparty employees as well as the government are bound by the judgment in an action brought under the act." Id. (quoting Arias, 46 Cal. 4th at 986); see also Miranda v. Anderson Enterprises, Inc., 241 Cal. App. 4th 196, 201 (2015) ("the represented nonparties are bound by any final [PAGA

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

judgment."); <u>Tanguilig v. Bloomingdale's, Inc.</u> 5 Cal. App. 5th 665, 671 (2016) (same); <u>cf.</u> <u>Villacres v. ABM Indus. Inc.</u>, 189 Cal. App. 4th 562, 592 (2010) (claim preclusion barred later PAGA action where plaintiff was a member of class in prior action in which a PAGA claim could have been asserted and which concluded with a court-approved class settlement).

The <u>Robinson</u> court also concluded that Robinson could not bring a claim for PAGA penalties based on violations allegedly occurring after the period covered by the settlement of the first action, because Robinson's employment (and thus any violations he personally suffered) had ended during the time period covered by the <u>Gutierrez</u> settlement.  The court noted that during any later period Robinson was no longer employed by the defendant "and thus was not affected by any of the alleged violations."  <u>Id.</u> at 484 ("the preclusion of Robinson's claims for the period during which he was employed by Southern County deprives him of standing to assert claims arising exclusively after he was so employed.").

<u>Robinson</u> is determinative of this aspect of Defendants' motion.

**2.    The Judgment in McPherson v. PennyMac Bars Plaintiffs' Sixth Claim for Relief.**

The Judgment in <u>McPherson</u> bars McPherson, all aggrieved employees, the State of California, its LWDA, and "any other person or allegedly aggrieved employee acting on behalf of the State of California or its LWDA from seeking or recovering any civil penalty provided by the Labor Code, including without limitation any civil penalty provided by Labor Code sections 558 or 2699 (a) or (f)" from the same PennyMac entities named here. The Judgment meets the requirements for claim preclusion and bars Plaintiffs' Sixth Claim for relief.

**a.    The Parties Are Identical or Are in Privity.**

First, the parties in the instant action are the same as in <u>McPherson</u> or are in privity with them.  <u>McPherson</u> and Plaintiffs both purport to represent the State of California, its LWDA and other "aggrieved employees" of PennyMac.  Plaintiffs

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

claim to be an aggrieved employees under PAGA.  SAC ¶ 65.  McPherson likewise alleged that she and the others she sought to represent "are aggrieved employees as defined in Labor Code § 2699(a)" and claimed that she was "affected by the labor law violations alleged in [the] Complaint."  RJN, Ex. 12, ¶ 95.  See also Cal. Lab. Code § 2699 ("'aggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.").  As a matter of law, in a civil action seeking PAGA penalties, McPherson and Plaintiffs both represent the same interests of the State of California, whose LWDA authorized each of them to seek the same penalties. Arias v. Superior Court, 46 Cal. 4th 969, 986 (2009).

Two of the defendants in McPherson, PennyMac and PennyMac Financial Services, Inc., are defendants here. The remaining defendant in this action, PennyMac Mortgage Investment Trust ("PMIT"), is in privity with the other PennyMac defendants.  Consumer Advocacy Group, Inc. v. ExxonMobil Corp., 168 Cal. App. 4th 675, 689 (2008).  Plaintiffs cannot reasonably argue otherwise. Plaintiffs allege in the SAC that "Private National Mortgage Acceptance Co., PennyMac Financial Services, Inc., and PennyMac Mortgage Investment Trust are an integrated enterprise, single employer, or joint employer of Plaintiffs.  All of the PennyMac defendants are headquartered in Thousand Oaks, California.  They all have essentially the same C-level executives."  (SAC ¶ 7.)

### b. The McPherson Judgment Bars All of the PAGA Claims Asserted in the SAC.

The complaint in McPherson and the SAC here allege the same PAGA claim. Both complaints seek civil penalties under PAGA on behalf of the plaintiffs, the State and other "aggrieved employees."  Both complaints seek such penalties for failure to pay wages upon termination, failure provide accurate wage statements, failure to pay overtime, and failure to promptly pay wages. Thus, the cases involve the same penalties premised on the same Labor Code violations.  Plaintiffs all

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1    ceased working for PennyMac before the <u>McPherson</u> Judgment.  As noted, the

2    Judgment released not only the claims actually asserted in the <u>McPherson</u>

3    complaint, but also "any civil penalty provided by the Labor Code."  RJN, Ex. 13, ¶

4    3.  <u>See</u> also <u>DKN Holdings LLC</u>, 61 Cal. 4th at 824 (claim preclusion bars

5    "cause[s] of action [that] *could have been brought*, whether or not [they were]

6    actually asserted or decided in the first lawsuit.") (emphasis added).

7                    **c.    The Judgment in McPherson Is a Final Judgment on**

8                         **the Merits.**

9          Third, the Judgment in <u>McPherson</u> is a final judgment on the merits.  For

10   purposes of claim preclusion, a stipulated judgment is considered a final judgment

11   on the merits.  <u>Consumer Advocacy Group</u>, 168 Cal. App.4th at 694 ("A court-

12   approved settlement acts as a final judgment on the merits for the purposes of res

13   judicata."); <u>Citizens for Open Access</u>, 60 Cal. App. At 1065 ("A judgment entered

14   ... by consent or stipulation, is as conclusive a ... bar as a judgment rendered after

15   trial.") (quoting 4 Witkin, Cal. Procedure (2d ed. 1971)); <u>California State Auto.</u>

16   <u>Assn. Inter-Ins. Bureau v. Superior Court</u>, 50 Cal. 3d 658, 664 (1990) ("a stipulated

17   judgment is indeed a judgment").  Moreover, as with all PAGA settlements, the

18   LWDA was given notice of the settlement and did not object.

19         Thus, the <u>McPherson</u> Judgment meets all of the requirements for claim

20   preclusion and bars the entire PAGA claim asserted in the SAC.  As a result, the

21   Court must dismiss Plaintiffs' Sixth Claim for relief without leave to amend.

22      **E.    The Court Should Strike Plaintiffs' Request for Underpaid Wages**

23           **as Part of Their PAGA Claim Because That Remedy Is Not**

24           **Allowed Under PAGA.**

25         If the Court declines to dismiss Plaintiffs' PAGA claim altogether, it must

26   strike the portion of the PAGA claim seeking the underpaid wages of the aggrieved

27   employees because that remedy is not available under PAGA.  Rule 12(f) of the

28   Federal Rules of Civil Procedure provides that a party may move to strike from a

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

pleading any matters that are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).[3]  A court may strike under Rule 12(f) "a prayer for a prayer for relief which is not available as a matter of law."  Susilo v. Wells Fargo Bank, N.A., 796 F. Supp. 2d 1177, 1196 (C.D. Cal. 2011).[4]

Plaintiffs' PAGA claim alleges that Plaintiffs are entitled to recover civil penalties under PAGA for, *inter alia*, Defendants alleged failure to pay prompt wages upon termination of employment, failure to provide accurate itemized wage statements, failure to pay overtime wages, and failure to pay wages on a bi-weekly basis.  (SAC ¶ 67.)  Paragraph 70 of Plaintiffs' SAC states that section 558 of the Labor Code imposes certain civil penalties "in addition to an amount equal to the employee's underpaid wages."  Paragraph 70 also states that Plaintiffs are seeking "civil penalties in the amount of unpaid wages owed to aggrieved employees pursuant to Labor Code § 558(a)(3), as well as other civil penalties."

While it is true that Labor Code section 558 states that an employer may be required to pay a civil penalty in addition to "an amount sufficient to recover underpaid wages," the California Supreme Court has determined that an individual employee suing under PAGA cannot obtain underpaid wages under section 558.

In ZB, N.A. v. Superior Court ,8 Cal. 5th 175 (2019), an employee of ZB sued, alleging various wage and hour claims against ZB.  She stated a single cause of action under PAGA in which she sought, inter alia, civil penalties under Labor Code section 558, "including unpaid wages and premium wages."  Id. at 183.  The

---

[3] A motion to strike under Rule 12(f) may be combined with a motion seeking relief under other provisions of Rule 12.  Fed. R. Civ. P. 12(g)(1).

[4] Some courts have held that Rule 12(f) is not the proper vehicle for striking improper prayers for relief.  Instead, such a motion should be made pursuant to Rule 12(b)(6) for failure to state a claim.  See, e.g., Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 976 (9th Cir. 2010).  If the Court determines that this motion to strike should more properly be brought under Rule 12(b)(6), Defendants request that the Court construe this argument as a request that the Court dismiss Plaintiffs request for unpaid wages under Rule 12(b)(6).  The PAGA claim fails to state a claim for unpaid or underpaid wages because that remedy is not available under PAGA.

1   California Supreme Court engaged in a lengthy and detailed analysis of PAGA and

2   the civil penalties available under Labor Code section 558.  The court determined

3   that unpaid wages under section 558 can be pursued by the Labor Commissioner,

4   but they are not a "civil penalty" and are therefore not recoverable by an employee

5   suing under PAGA.  Id. 197–198.

6         Thus, Plaintiffs cannot recover underpaid wages as part of their PAGA claim.

7   The language referencing underpaid wages in paragraph 70 of the SAC must

8   therefore be stricken pursuant to Fed. R. Civ. P. 12(f) or dismissed pursuant to Fed.

9   R. Civ. P. 12(b)(6).

10  **IV.   CONCLUSION.**

11        The Court should dismiss the FLSA claim without leave to amend and should

12  then decline to exercise supplemental jurisdiction over the remaining state law

13  claims.  Alternatively, and regardless of the viability of the FLSA claim, the Court

14  should dismiss the state law claims under the Colorado River doctrine and based on

15  the pending Smigelski state court action.  If the Court exercises jurisdiction over the

16  state law claims, the PAGA claim must be dismissed because it is barred by the

17  McPherson judgment.  Finally, if the Court does not dismiss the PAGA claim,

18  Plaintiffs' prayer for underpaid wages must be stricken because that remedy is not

19  legally available.

20

21   DATED: October 8, 2021                    **HILL, FARRER & BURRILL LLP**

22

23                                             By: //E. Sean McLoughlin
                                               E. Sean McLoughlin
24                                             Attorneys for Defendants

25  HFB 2437174.2 P8538 015

26

27

28

---

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1

## PROOF OF SERVICE

2

I, PATRICK E. MICHELA, declare:

3

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, One California Plaza, 300 South Grand Avenue, 37th Floor, Los Angeles, California 90071-3147.  On October 8, 2021, I served the within documents:

4

5

6

**DEFENDANTS' NOTICE OF MOTION AND MOTION: (1) TO DISMISS SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 12(b)(6)]; and (2) TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 12(f)]**

7

8

☒          **BY ELECTRONIC SERVICE VIA THE COURT'S CM/ECF SYSTEM** on all counsel of record as listed below.

9

10

☐          by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

11

12

☐          by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

14

15

CHRIS BAKER
cbaker@bakerlp.com
MIKE CURTIS
mcurtis@bakerlp.com
BAKER CURTIS & SCHWARTZ, P.C.
1 California St., Ste. 1250
San Francisco, CA 91411

Telephone: (415) 433-1064
Fax: (415) 366-2525
Attorneys for Plaintiffs
ERICH HEIDRICH, ERIC KIDD and MARIA ANGELICA CASTRO

16

17

18

19

20

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21

22

23

Executed on October 8, 2021, at Los Angeles, California.

24

*/s/ Patrick E. Michela*
Patrick E. Michela

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HFB 1924770.1 P8538 015