UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICH HEIDRICH, ERIC KIDD, and MARIA ANGELICA CASTRO, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PENNYMAC FINANCIAL SERVICES, INC., PENNYMAC MORTGAGE INVESTMENT TRUST, and PRIVATE NATIONAL MORTGAGE ACCEPTANCE CO.,<br><br>Defendants. | No. 2:16-cv-02821-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants PennyMac Financial Services, Inc., PennyMac Mortgage Investment Trust, and Private National Mortgage Acceptance Company's (collectively, "Defendants") Motion to Dismiss and Strike. (ECF No. 47.) Plaintiffs Erich Heidrich, Eric Kidd, and Maria Angelica Castro (collectively, "Plaintiffs") filed an opposition. (ECF No. 48.) Defendants replied. (ECF No. 51.)

Also before the Court is Plaintiffs' Motion to Toll the Statute of Limitations. (ECF No. 54.) Defendants filed an opposition. (ECF No. 55.) Plaintiffs replied. (ECF No. 57.) For the reasons set forth below, the Court GRANTS Defendants' motion and DENIES Plaintiffs' motion as moot.

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed the operative Second Amended Complaint ("SAC") in this putative class action on September 17, 2021. (ECF No. 46.) Plaintiffs are Defendants' former and current employees. (*Id.* at 2.) Plaintiffs allege Defendants do not include all their non-exempt employees' compensation in calculating the regular rate of pay for overtime purposes, do not provide their employees with wage statements that comply with California law, do not pay employees their bonuses on a timely basis, and do not pay employees all wages owed at the time of their termination. (*Id.*) Plaintiffs allege claims under the Fair Labor Standards Act ("FLSA"), the California Labor Code, the relevant Industrial Welfare Commission wage orders, and the Private Attorneys General Act ("PAGA"). (*Id.*)

On October 8, 2021, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 47.) On December 17, 2021, Plaintiffs filed a motion to toll the statute of limitations for their FLSA claim. (ECF No. 54.)

II. **STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

1  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to
2  relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

3        Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
4  factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
5  While Rule 8(a) does not require detailed factual allegations, "it demands more than an
6  unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A
7  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
8  elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
9  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences
11 are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355
12 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the
13 plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
14 in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
15 *Council of Carpenters*, 459 U.S. 519, 526 (1983).

16       Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
17 facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim
18 has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
19 reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
20 680.  While the plausibility requirement is not akin to a probability requirement, it demands more
21 than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility
22 inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
23 experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or
24 her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
25 dismissed. *Id.* at 680 (internal quotations omitted).

26       If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
27 amend even if no request to amend the pleading was made, unless it determines that the pleading
28 could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

3

1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.    ANALYSIS

Defendants move to dismiss for the following reasons: (1) the FLSA claim in the SAC (the basis for this Court's federal question jurisdiction) is not alleged with the specificity required by *Landers v. Quality Comms., Inc.*, 771 F.3d 638 (9th Cir. 2014); (2) once the FLSA claim is dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims; (3) if the FLSA claim is not dismissed, the Court should still decline to exercise jurisdiction over the state law claims based on the *Colorado River* doctrine; (4) if the Court decides to entertain the state law claims, it must at minimum dismiss Plaintiffs' PAGA claim based on a judgment entered in an identical California state case against Defendants; and (5) even if the Court does not dismiss the PAGA claim, it should strike Plaintiffs' request for underpaid wages as part of the PAGA claim because that remedy is not available to private litigants suing under PAGA. (ECF No. 47 at 7–8.) The Court first addresses the FLSA claim and then the remaining state law claims.

####    A.    FLSA Claim

The Ninth Circuit has held that "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers*, 771 F.3d at 644–45. In *Landers*, the plaintiff "presented generalized allegations asserting violations of the minimum wage and overtime provisions of the [Fair Labor Standards Act]." *Id.* at 646. The plaintiff alleged the defendants implemented a "*de facto* piecework no overtime" system, failed to pay minimum wages or overtime wages, and falsified payroll records to conceal their failure to pay required

wages. *Id.* In affirming the district court's dismissal of the plaintiff's wage and hour claims, the Ninth Circuit emphasized,

> Notably absent from the allegations in Landers's complaint . . . was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages. Although plaintiffs in these types of cases cannot be expected to allege with mathematical precision, the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages. Landers's allegations failed to provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week.

*Id.* (internal quotation marks and citations omitted).

Defendants argue Plaintiffs' allegations fail to satisfy the rule set forth in *Landers*. (ECF No. 47 at 15.) In opposition, Plaintiffs argue *Landers* is inapplicable because *Landers* involved an employer's alleged failure to properly record overtime hours under a piecework pay system. (ECF No. 48 at 9–10.) Plaintiff argues that unlike *Landers*, the allegation here is not that Defendants failed to properly record overtime hours, but that Defendants incorrectly calculated the overtime rate of pay. (*Id.* at 10.) Plaintiffs cite paragraph 13 of the SAC, which states:

> Plaintiffs worked a considerable amount of overtime. Defendants did not include the benefit stipend, the draw, or non-discretionary bonuses . . . in the calculation of the Plaintiffs' regular rate of pay in determining their overtime. Defendants also miscalculated Plaintiffs' overtime by calculating the bonus overtime rate for a specific month by using the hours worked (in whole or in part) from a different month, or some [other] means that resulted in the inaccurate payment of overtime.

(*Id.* (citing ECF No. 46 at ¶ 13).) Plaintiffs also cite paragraphs 39–41 of the SAC, which state:

> Defendants did not include all applicable compensation in calculating its employees' rate of pay for overtime purposes. The FLSA requires employers to calculate the overtime rate of pay based on amounts earned while the overtime is being worked. Defendants did not calculate the overtime rate of pay for Plaintiffs based on amounts earned while the overtime was being worked.

///

1  (*Id.* (citing ECF No. 46 at ¶¶ 39–41).)  Plaintiffs argue these allegations indicate that every time
2  Defendants paid overtime during the applicable period, it was calculated incorrectly.  (*Id.*)
3        Defendants argue these allegations are insufficient.  (ECF No. 51 at 3.)  The Court agrees.
4  Plaintiffs do not cite any case law to support the contention that *Landers* only applies to overtime
5  claims based on a piecework pay system.  Nor do Plaintiffs persuade the Court that *Landers* does
6  not apply in the context of this case.  Even if Plaintiffs' ultimate focus is Defendants' alleged
7  miscalculation of the rate of overtime pay, Plaintiffs still must allege facts indicating that they
8  worked overtime and were thus entitled to overtime pay on a specific occasion.  *Landers*, 771
9  F.3d at 646.  Instead, Plaintiffs merely allege they worked a "considerable amount of overtime."
10  (ECF No. 46 at ¶ 13.)  This is the same type of conclusory language found to be insufficient in
11  *Landers*.  771 F.3d at 646; *see also Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-
12  1300-LJO-JLT, 2016 WL 6494296, at *5 (E.D. Cal. Nov. 2, 2016).  The Court therefore
13  concludes Plaintiffs' overly general allegations fail "to provide sufficient detail about the length
14  and frequency of [their] unpaid work" to support a reasonable inference that they worked
15  overtime and were underpaid.  *Landers*, 771 F.3d at 646; *see Sanchez v. Ritz Carlton*, No.
16  CV153484PSGPJWX, 2015 WL 5009659, at *3 (C.D. Cal. Aug. 17, 2015) ("[T]here are no
17  allegations about either Plaintiff's schedules to substantiate that they worked double/overtime
18  shifts that would trigger overtime pay.").
19        Accordingly, the Court GRANTS Defendants' motion to dismiss the FLSA claim.
20  Because this is the first time the Court has ruled on this issue and Plaintiffs indicate they can cure
21  these deficiencies in an amended complaint, the Court will give Plaintiffs the opportunity to
22  amend.  *Lopez*, 203 F.3d at 1130.
23        B.    <u>State Law Claims</u>
24        Defendants also move to dismiss Plaintiffs' remaining state law claims.  (ECF No. 47.)
25  When a federal court has dismissed all claims over which it has original jurisdiction, it may, at its
26  discretion, decline to exercise supplemental jurisdiction over the remaining state law claims.  28
27  U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).
28  Because this Court's jurisdiction depends on Plaintiffs stating a viable FLSA claim, the Court

declines to rule on Defendants' challenges to Plaintiffs' remaining state law claims at this stage. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (stating that courts have inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 47) and DENIES as moot Plaintiffs' Motion to Toll the Statute of Limitations (ECF No. 54). Plaintiffs shall file their amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file their responsive pleading not later than twenty-one (21) days from the filing of the amended complaint.

IT IS SO ORDERED.

**DATED:  January 2, 2023**

Troy L. Nunley
United States District Judge